# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA DIVISION PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**vs.**                                                                          **CASE NO.5:96CR2-SPM/AK**

**EDWARD EARL FLOYD,**

   **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's motion to vacate and to remand for resentencing. Doc. 186. Defendant pled guilty to Count One, conspiracy to distribute a controlled substance and Count Two, forfeiture, on or about June 21, 1996. He was sentenced on October 21, 1996, to a term of 240-months imprisonment. Docs. 83 & 84. He did not appeal the sentence. He later filed a § 2255 motion to vacate, which was denied on May 13, 1998. Docs. 136 & 137.

On this occasion, Defendant maintains that he has been subjected to an unconstitutionally enhanced sentence under the Sentencing Guidelines in contravention of *Booker*. Doc. 186.

Case 5:05-cv-00091-SPM-AK Document 187 Filed 05/04/2005 Page 2 of 2
Case 5:96-cr-00002-SPM-AK Document 173 Filed 05/04/2005 Page 2 of 2

Page 2 of 2

Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004). However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate and to remand for resentencing, Doc. 186, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __**4th**__ day of May, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**Case No.5:96cr2-spm/ak**